## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ASMAA ALQAISSI, HAIMAN BAKIR SUDKI ABDULHAMEED AND IMAN HAIMAN BAKIR SUDKI<br>     *Petitioners*,<br><br>v.<br><br>DONALD TRUMP, President of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS"); U.S. CUSTOMS AND BORDER PROTECTION ("CBP"); JOHN KELLY, Secretary of DHS; KEVIN K. MCALEENAN, Acting Commissioner of CBP; and JAMES T. MADDEN, New York Field Director, CBP,<br><br>     *Respondents*. | Case No. 17-cv-00487<br><br>DECLARATION IN SUPPORT OF AN EMERGENCY PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER |

  I, TAHANIE A. ABOUSHI, ESQ, an attorney duly admitted to practice law before the United States District Court for the Eastern District of New York and affirm the truth of the following upon information and belief under the penalties of perjury

1. I am a partner at the Aboushi Law Firm, PLLC., attorneys for Petitioners, Amsaa Alqaissi ("Alqaissi"), her husband Haiman Bakir Sudki Abdulhameed ("AbdulHameed") and their daughter Iman Haiman Bakir Sudki ("Sudki"), and as such I am familiar with the facts and circumstances set forth herein.

2. I submit this declaration in support of Petitioner's Emergency Motion for Injunctive Relief and Temporary Restraining Order.

3. On January 28, 2017, Petitioners Alqaissi, Abdulhameed and Sudki, arrived at John F. Kennedy Airport from Qatar at approximately 6:30 a.m.

4. At approximately 7:00p.m., Alqaissi was released and her husband and daughter remained detained. Alqaissi was informed that her husband and daughter would be returned to Qatar on flight leaving at 9:30p.m.

5. At approximately 8:35p.m., the undersigned along with counsel Noam Biale, filed a Writ of Habeas Corpus. See Docket Entry No. 1.

6. In a related case filed by the ACLU, Hameed Khalid Darweesh and Haider Sameer Abdulkhaleq Alshawi, v. Donald Trump, president of the United States et al. Docket No. 17-cv-00480. At approximately 9:00p.m., the Court issued an ordering enjoining and restraining Respondents from removing holders of valid immigrant and non-immigrant visas and other individuals from Iraq, Syria, Iran, Sudan, Libya, Somalia, and Yemen legally authorized to enter the United States.

7. Petitioners AbdulHameed and Sudki, are Iraqi Nationals. On August 31, 2016, Petitioners Alqaissi, AbdulHameed and Sudki won the diversity lottery and were subsequently granted immigrant visas.

8. Petitioners Alqaissi, AbdulHameed and Sudki possessed valid immigrant visas when they arrived at John F. Kennedy airport.

9. Alqaissi remained in contact with her husband and daughter who reported that they were being detained at terminal 4.

10. Upon information and belief, AbdulHameed and Sudki were coerced into signing documents purporting to voluntarily withdraw their application for admission to the United States in lieu of a formal determination.

11. Upon information and belief said document may cancel Petitioners' otherwise valid visa permitting them entry into the United States.

12. Upon receiving the Court's Order, the undersigned went to Terminal 4 at JFK Airport to speak with Petitioners AbdulHameed and Sudki.

13. Upon arriving to Terminal 4, New York State Police ("NYSP") in uniform along with Port Authority Police ("PAP") also in uniform, stood shoulder to shoulder creating a barrier whereby persons were not permitted to enter the public space of terminal 4.

14. The undersigned approached both NYSP and PAP and produced an attorney service pass issued by the Southern District of New York and a Secure Pass issued by the new York State Unified Court System.

15. Both NYSP and PAP denied counsel entry on the basis that they received orders that persons, specifically attorneys, were not permitted to enter the public space.

16. The undersigned informed NYSP and PAP that she represented AbdulHameed and Sudki and that they were detained in terminal 4. The undersigned also informed NYSP and PAP that a writ of habeas Corpus was filed to prevent their unlawful deportation. Nonetheless, NYSP and PAP denied the undersigned access to Petitioners.

17. The undersigned informed NYSP and PAP that the Court had issued an order enjoying the placing of Petitioners on flights back to Qatar.

18. NYSP and PAP acknowledged they were aware of the Order but that access was still denied. Counsel was then directed to speak to Customs and Border Patrol ("CBP").

19. Counsel then contacted CBP by telephone and spoke with a person who would not provide their name. Counsel explained the dire need to meet with petitioners, as they were represented parties with a petition pending before the Eastern District of New York. The CBP represented reiterated she was aware of the Order and no attorneys would be permitted to meet with any detainees.

20. Counsel insisted on meeting CBP personnel in person. PAP contacted CBP and two men in CBP uniform spoke with the undersigned. Counsel produced both identification card from the Southern District of New York and New York State and requested to meet with Petitioners in connection with the filed Writ of Habeas of Corpus.

21. CBP denied counsel access to Petitioners. Counsel informed CBP about the Court's Order to which CBP acknowledged receiving and reading the Order. Nonetheless, counsel was denied access to Petitioners and was not permitted to enter the public space of Terminal 4.

22. As a result of NYSP, PAP and CBP, the undersigned has not been able to meet with Petitioners and Petitioners' have been denied access to their counsel.

23. Petitioners remain detained and as such request that the instant motion for an Emergency Preliminary Injunction and Temporary Restraining Order prohibiting Respondents' continued detention of Petitioners; staying removal of Petitioners from the United States; and enjoining Respondents from preventing Petitioners from accessing their counsel be granted in its entirety along with such further and other relief as the Court deems just and proper.

Dated: New York, New York
January 29, 2017

      Respectfully submitted,

      THE ABOUSHI LAW FIRM, PLLC.

      /s/
      By: Tahanie A. Aboushi, Esq.